(October 3, 1925.)

MAY E. McCARTY, Executrix of the Last Will and Testament and Estate of E. A. McCARTY, Deceased, Appellant, v. FRED HERRICK, Respondent.

[240 Pac. 192.]

CHANGE OF PLACE OF TRIAL — DEMAND FOR — AFFIDAVIT OF MERITS — RESIDENCE—STIPULATION AS TO PLACE OF TRIAL.

1. Written demand for a change of place of trial may be embodied in the affidavit of merits.

2. The facts to be included in an affidavit of merits on a demand for a change of place of trial relate to the grounds upon which the change is sought.

3. The merits of the defense to a cause of action are not for determination by the court on a proceeding to change the place of trial of an action on account of the residence of the defendant.

4. A provision in a promissory note authorizing the payee to commence and maintain an action to enforce payment of the note in a particular county irrespective of the residence of the maker is unenforceable.

Publisher's Note.
4. Validity of agreement fixing venue in particular county, see note in Ann. Cas. 1912C, 815.

APPEAL from the District Court for Kootenai County. Hon. W. F. McNaughton, Judge.

Action to recover on three promissory notes. Plaintiff appeals from order granting change of place of trial. *Order affirmed.*

Ezra R. Whitla, for Appellant.

Demand in writing before motion is made is essential. The statute must be strictly pursued or the proceedings fail. (*Byrne v. Byrne,* 57 Cal. 348; *Estrada v. Orena,* 54 Cal. 407; *Elam v. Griffin,* 19 Nev. 442, 14 Pac. 582; *Vermont Central R. R. Co. v. Northern R. R. Co.,* 6 How. Pr. 106; *Gotthelf v. Merchant's Bank,* 33 S. D. 259, 145 N. W. 542.)

Until the demand is made the court acquires no jurisdiction to order the change, and the demand must precede the motion. (*Barbour v. Fidler,* 31 S. D. 351, 141 N. W. 88.)

"The right to a change of venue is purely statutory, and the statutes giving the right must be strictly pursued." (*State ex rel. Bixman v. Denton,* 128 Mo. App. 304, 107 S. W. 446; *Oborn v. State,* 143 Wis. 249, 126 N. W. 737, 31 L. R. A., N. S., 966.)

In the affidavit of merits the facts must be set forth allowing the court to judge whether it is a meritorious defense or not. (*Holland Bank v. Lieuallen,* 6 Ida. 127, 53 Pac. 398; *Beck v. Lavin,* 15 Ida. 363, 369, 97 Pac. 1028; *Copper King of Arizona v. Johnson,* 9 Ariz. 67, 76 Pac. 594; *Palmer v. Rogers,* 70 Iowa, 381, 30 N. W. 645; 23 Cyc. 956; *Nickerton v. California Raisin Co.,* 61 Cal. 268.)

If the affidavit is not sufficient it is error to order a change. (*Jensen v. Door,* 9 Cal. App. 18, 98 Pac. 45; *Grangers Union v. Ashe,* 12 Cal. App. 143, 106 Pac. 889.)

The venue of an action is only a personal privilege. The statute waives it if he does not take advantage of it in the prescribed statutory manner. (C. S., sec. 6665.)

If the application is not made at the time specified in the statute, it is too late. (*Wadleigh v. Phelps,* 147 Cal. 541, 82 Pac. 200.)

"A party may waive, expressly or by implication, the right to have a cause tried in a particular county." (*Hearne v. De Young*, 111 Cal. 373, 43 Pac. 1108; *Walker v. Stroud* (Tex.), 6 S. W. 202; *Burton v. Graham*, 36 Colo. 199, 84 Pac. 978; *Snyder v. Pike*, 30 Utah, 102, 83 Pac. 692; *Fletcher v. Stowell*, 17 Colo. 94, 28 Pac. 326.)

It is a general rule that such agreements may be enforced. (27 R. C. L., par. 8, p. 785; *Janek v. Buzzelli*, 148 Wis. 610, 134 N. W. 1124; *Texas Moline Plow Co. v. Biggerstaff* (Tex. Civ. App.), 185 S. W. 341; *Burnley v. Cook*, 13 Tex. 586, 65 Am. Dec. 79; *Heslin v. Eastern Bldg. & L. Assn.*, 28 Misc. 376, 59 N. Y. Supp. 572; *Daley v. People's Bldg. & L. S. Assn.*, 178 Mass. 13, 59 N. E. 452; *Pierson v. Finney*, 37 Ill. 29; *Goebel v. Stevenson*, 35 Mich. 172; *Lemmon v. Herbert*, 92 Va. 653, 24 S. E. 249; *Judah v. Trustees Vincennes Univ.*, 23 Ind. 272.)

Potts & Wernette, for Respondent.

The statutes of Idaho give to the defendant the absolute right to have the action tried in the county in which he resides. (C. S., sec. 6664, as amended by chapter 79, Laws 1923.)

The provision in the notes that the venue of any action brought to collect the same may be laid in Kootenai County, Idaho, and that the action may be maintained without regard to the residence of the defendants, is void under the provisions of C. S., sec. 5670. (*Huber v. St. Joseph's Hospital*, 11 Ida. 631, 83 Pac. 768; *Douville v. Pacific Coast Gas Co.*, 25 Ida. 396, Ann. Cas. 1917A, 112, 138 Pac. 506; *Gaffney v. Royal Neighbors of America*, 31 Ida. 549, 174 Pac. 1014; *General Motors Acceptance Corp. v. Talbott*, 38 Ida. 13, 219 Pac. 1058.)

The provision in the notes as to the venue of the action brought to collect the same is against public policy. (*Hall v. People's etc. Co.*, 6 Gray (Mass.), 185.)

It is not within the province of parties to enter into an agreement concerning the remedy for a breach of a contract which is created and regulated by law. (*Nute v.*

*Hamilton Mutual Ins. Co.*, 6 Gray (Mass.), 174; *Benson v. Eastern Bldg. & Loan Assn.*, 174 N. Y. 83, 66 N. E. 627; *Home Ins. Co. v. Morse*, 20 Wall. (U. S.) 445, 22 L. ed. 365.)

The affidavit of merits was sufficient under our statute and practice. (*State v. Superior Court*, 67 Wash. 321, 38 Pac. 206.)

WM. E. LEE, J.—This action was instituted by appellant in the district court for Kootenai county on three promissory notes. Respondent appeared and filed a demurrer, a notice of motion for change of place of trial and an affidavit of merits. The court, after a hearing, directed a change of place of trial to Benewah county, which was the county wherein respondent resided. This appeal is from the order changing the place of trial.

Two principal contentions are made upon which a reversal is sought.

C. S., sec. 6665, provides:

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

It appears from the affidavit that respondent was a resident of Benewah county and was not then and never had been a resident of Kootenai county. The affidavit also contains a demand that the venue be changed from Kootenai to Benewah county. The notice recited that respondent would at a stated time move the court for an order changing the place of trial. While it would appear to be better practice for one desiring a change of place of trial, in addition to the affidavit of merits, to file a separate demand in writing, the demand embodied in the affidavit served all the purposes for which a demand is required and contained all the facts necessary to establish a *prima facie* right to the change. Than that it be in writing, no special form of demand is prescribed.

Appellant insists that the affidavit of merits is insufficient in that it does not set forth the defense to the action. In his affidavit, respondent states that he has a meritorious defense; that he has employed attorneys; and will file a verified answer setting up his defense. He neither sets forth that he has stated the facts constituting the defense to his attorneys and has been advised that he has a meritorious defense, nor does he set forth the facts constituting his defense. This court has never defined an "affidavit of merits," as that term is used in connection with proceedings for a change of place of trial. No reason has been suggested and we know of none why it should contain the showing required in an affidavit to set aside a default. Different objectives are in view; different ends are sought. One desires to set aside a default in order to interpose a defense to the cause of action alleged in the complaint. Respondent can set up every defense in this action in Kootenai that he could in Benewah county, and the purpose of this affidavit of merits is not to secure an opportunity to answer to the merits. Its purpose, the end sought, is a change of place of trial. The statute affords a defendant the right to defend such an action in the county of his residence. On filing the affidavit and the demand required by C. S., sec. 6665, the issue before the court is not the merits of the defense but the removal of the action, and the question of fact for the court to determine is the residence of the defendant. The merits of the question presented to the trial court relate to the grounds for which the law permits a change of place of trial; and, in requiring an affidavit of merits, the statute is not concerned with the character of the defense to the action but with the merit of the demand.

Had the defendant filed a verified answer instead of a demurrer, what should have been contained in the affidavit of merits? Can it be contended that the affidavit in such a case should have recited that the defendant had told his attorney of what his defense consisted, and that the attorney had assured him that his defense was meritorious?

The answer being on file, the court would presume that the defendant had related the facts constituting the defense to his attorney, and the court could determine the merits of the defense without the "hearsay" opinion of the attorney. Surely it cannot be that C. S., sec. 6665, requires a different affidavit of merits, depending on whether the defendant, when he demands a change of place of trial, "appears and answers" or "demurs." No, the law requires the same affidavit of merits whether the defendant appears and answers, or demurs. Bearing in mind the object of the proceeding and the mandatory character of the statute, we are of the opinion that the facts to be included in the affidavit of merits are those which relate to the grounds for the change, and that the merits of the defense to the cause of action alleged in the complaint are not for determination by the court on a proceeding to change the place of trial of an action on account of the residence of the defendant.

"Clearly the affidavit mentioned here is not the oldtime affidavit of merits. The merit of the case is immaterial where a defendant may change the place of trial to the county of his residence as a matter of right, or the court as a matter of discretion may order a change when a showing is made that an impartial trial cannot be had, or when the convenience of witnesses or the ends of justice demand that it be so. A change of venue is made, under these circumstances, when facts showing any of these conditions are made to appear, not because there may be a defense to the action which is sustained by advice of counsel, but because of the statute itself; and when a showing of any of these grounds is brought to the attention of the court by affidavit, it will be held to be an 'affidavit of merits.' " State v. Superior Court, 67 Wash. 321, 121 Pac. 460.)

The second contention is that, since each note contained a stipulation authorizing the payee to commence and maintain an action to enforce payment of the note in Kootenai county irrespective of the residence of the maker, the district court erred in transferring the case to Benewah county

(the county of respondent's residence) for trial. Respondent argues that the stipulation is void as against public policy.

Our statutes are explicit concerning the venue of actions; and it is provided (C. S., sec. 6664) that such an action as this "must be" tried in the county where the defendant resides at the commencement of the action. When the county designated in the complaint is not the proper county, the court, on proper demand therefor, "must change the place of trial." (C. S., sec. 6666.) It is apparent that the venue of actions has been definitely fixed by statute, and that it is the policy of the law that actions shall be commenced and maintained as provided by law. It is further provided by C. S., sec. 5670, that every stipulation in a contract by which a party is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals is void.

In face of these positive enactments, the parties have stipulated that the action may be commenced and maintained without regard to the residence of the defendant, while the residence of the defendant, at the time of the commencement of the action, is the only test for determining the venue of an action to enforce payment of a promissory note. It is made so by positive statute. It cannot be thus changed by agreement of the parties. The stipulation is not binding on respondent. To thus authorize the commencement and maintenance of an action in any other county than that fixed by statute is not a proper subject of contract. (*Nute v. Hamilton Mutual Ins. Co.*, 6 Gray (Mass.), 174; *Hall v. People's Mutual Fire Ins. Co.*, 6 Gray, 185; *Nashua River Paper Co. v. Hammermill Paper Co.*, 223 Mass. 8, 111 N. E. 678, L. R. A. 1916D, 691. See, also, *General Motors Acceptance Corp. v. Talbot*, 38 Ida. 13, 219 Pac. 1058; *Home Ins. Co. v. Morse*, 20 Wall. (U. S.) 445, 22 L. ed. 365; *Benson v. Eastern Building & Loan Assn.*, 174 N. Y. 83, 66 N. E. 627.)

In *Nute v. Hamilton*, the contract contained a provision that action against the company for any loss "shall be

brought . . . . in the county of Essex.'' It was·held that the provision was not binding and that action could be brought in any proper county. In the opinion, Chief Justice Shaw, among other things, said:

''The rules to determine in what courts and counties actions may be brought are fixed and considerations of general convenience and expediency, by general law; to allow them to be changed by the agreement of parties would disturb the symmetry of the law, and interfere with such convenience. . . . . The greatest inconvenience would be in requiring courts and juries to apply different rules of law to different cases, in the conduct of suits, in matters relating merely to remedy, according to the stipulations of parties in framing and diversifying their contracts in regard to remedies.''

In discussing the decision in *Nute v. Hamilton, supra,* it was said by Rugg, C. J., in *Nashua River Paper Co. v. Hammermill Paper Co., supra,* that

''The general principle on which this case was made to rest was that it was not within the province of parties to enter into an agreement concerning the remedy for a breach of contract, which is created and regulated by law.''

In the same decision, referring further to *Nute v. Hamilton,* Chief Justice Rugg said:

''That case, as has been pointed out, states a general principle which has been adopted and prevails in all federal courts by reason of the binding decisions of the United States Supreme Court, in *Home Ins. Co. v. Morse,* 20 Wall. 445, 22 L. ed. 365; and *Doyle v. Continental Ins. Co.,* 94 U. S. 535, 24 L. ed. 148. The same rule prevails generally in all states where the question has arisen. It relates to a matter as to which uniformity of decision and harmony of law among the several jurisdictions of this country is desirable. It would be unfortunate if contracts touching a subject of general commercial interest and which may be broadly operative as to jurisdiction, should be held valid in one state and invalid in all others. All these circumstances bring us to the conclusion that the clause in the

contract here in question in unenforceable and that, therefore, the action can be maintained in the courts of this commonwealth.''

An attempted analysis of decisions to the contrary would serve no useful purpose, and none will be attempted except to state that the decision in *Schwabacher Bros. & Co. v. Superior Court,* 61 Wash. 681, Ann. Cas. 1912C, 814, 112 Pac. 927, is not in point, for the reason that the decision rests on a statute we do not have.

If it were permissible to contract that an action to enforce payment of the amount due on a note be commenced and maintained in the adjacent county of Kootenai, there would be nothing to prevent an agreement that the action be commenced and maintained in a far distant county of the state. The hardship and expense to litigants that might result from such a situation convinces us that the law wisely fixes the venue of such an action in the county where defendant resides and justly prohibits the parties from contracting with respect thereto.

Judgment affirmed. Costs to respondent.

William A. Lee, C. J., and Budge and Taylor. JJ., concur.

Givens, J., dissents.