252 P.2d 831

**STATE ex rel. SUMMERS, Commissioner of Law Enforcement et al. v. LAKE TAVERN, Inc. et al.**

No. 7889.

Supreme Court of Idaho.

Jan. 20, 1953.

Elam & Burke, Boise and Donart & Donart, Weiser, for respondent.

Robert E. Smylie, Atty. Gen., and William H. Bakes, Asst. Atty. Gen., for appellant.

PORTER, Chief Justice.

The complaint in this action was filed on January 17, 1952, in Ada County. A demand and motion for change of place of trial from Ada County in the Third Judicial District to Valley County in the Seventh Judicial District with accompanying affidavits were duly filed by the defendants. The demand and motion were predicated

upon the allegations that the "complaint shows on its face that it is an action for the recovery of a penalty or forfeiture imposed by statute and the proper venue of said action is the County where said action arose;" and "that the complaint discloses upon its face that this cause of action arose in the County of Valley." From the order of the trial court granting the motion for change of place of trial, appellant has appealed to this court.

It appears from the complaint: That on the 10th day of May, 1951, the Commissioner of Law Enforcement issued to the defendant, Lake Tavern, Inc., a state retail beer license and a state retail liquor license for the sale of beer at retail and liquor by the drink at McCall in Valley County, Idaho. That the defendants, on May 7, 1951, duly filed with the Commissioner of Law Enforcement the surety bond in the penal sum of $5,000 required by statute upon the issuance of a license for the sale of liquor by the drink.

That on or about the 16th day of September, 1951, the defendant, Lake Tavern, Inc., sold liquor on Sunday at or about the hour of 12:50 P.M., contrary to the provisions of Section 23–927, I.C.

That on or about the 23rd day of October, 1951, the Commissioner of Law Enforcement sent a notice to Nick Eubanks, D/B/A, Lake Tavern, Inc., at McCall, Idaho, stating that the Commissioner had determined to and would revoke the liquor license of the defendant, Lake Tavern, Inc., 15 days from the date of the notice, on the ground that said defendant had sold liquor on Sunday, Sepember 16, 1951, at about the hour of 12:50 P.M., contrary to law. On the same date, the Commissioner of Law Enforcement sent a notice to the defendant, Lake Tavern, Inc., at McCall, Idaho, and a copy thereof to the resident agent of the defendant, Standard Accident Insurance Company, at Boise, Idaho, notifying said defendants that the Commissioner of Law Enforcement had commenced proceedings for the revocation of the liquor license in question on the ground of the unlawful sale of liquor by the drink; and that in the event the license was revoked the surety bond would be declared forfeited and the State of Idaho would look to defendants for the full penal sum thereof.

That on or about the 9th day of November, 1951, the said Commissioner of Law Enforcement revoked the liquor license of defendant, Lake Tavern, Inc., on the ground of the sale of liquor on Sunday, September 16, 1951, at or about the hour of 12:50 P.M., contrary to the provisions of Section 23–927, I.C. That thereafter, on the 13th day of December, 1951, the Commissioner of Law Enforcement demanded of defendants the payment of $5,000, the principal of the surety bond, and that they have refused to pay same, and the plaintiff prays judgment for said sum of $5,000 and costs of suit.

The surety bond upon which this action is based was given in pursuance of Section 23-909, I. C., which reads as follows:

"Before any license is issued, the applicant shall deliver to the commissioner of law enforcement of the state of Idaho cash in the sum of $5,000.00 or a surety bond executed by a surety company qualified to do business in the state of Idaho in the penal sum of $5,000.00 conditioned upon the faithful observance of this act and all the laws of the state of Idaho, municipal ordinances, and regulations of the commissioner in regard to the sale of liquor, and guaranteeing the payment of all fines, costs, and damages which may be assessed against the applicant for any violation of this act and such laws, ordinances and regulations.

"In the event of a refusal of any surety company to make payment on account of any liability incurred thereon as in this section provided, an action may be maintained by the state of Idaho for a violation of this act or any rule or regulation of the commissioner promulgated hereunder or by any city or village on account of a violation of any of its ordinances."

Section 23-927, I.C., prohibits the sale of liquor upon any licensed premises on Sunday from 1:00 o'clock A.M. to 10:00 o'clock A.M. the following day.

Appellant and respondents appear to agree that the venue of this action is governed by the provisions of Section 5-402, I.C., which reads as follows:

"Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:

"1. For the recovery of a penalty or forfeiture imposed by statute, except, that when it is imposed for an offense committed on a lake, river or other stream of water, situated in two or more counties, the action may be brought in any county bordering on such lake, river or stream, and opposite to the place where the offense was committed.

"2. Against a public officer, or person specially appointed to execute his duties, for any act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

A cause of action is generally said to arise at the place where the act or omission constituting the fault or delict of the defendant occurs. In 56 Am.Jur., Venue, Sec. 34, p. 38, it is said:

"In determining the proper county in which to bring suit under statutes fixing venue in the county where the cause of action arose or accrued, the injury occurred, etc., differences in the wording of the statutes often are of

importance; for example, the phrase 'the county where the transaction in question or some part thereof occurred' is not synonymous with the phrase 'the county where the cause or some part thereof arose'. Within the meaning of statutes of this kind, a cause of action is said to arise generally at the place where the act creating the right to bring an action occurred."

In 67 C.J., Venue, Sec. 152, pp. 94–95, it is stated:

"By statute in several of the jurisdictions it is provided generally, subject to such exceptions as may be made in the statutes, that causes of action may be brought in the county wherein they arise; * * *. A cause of action, within the meaning of such statutes, has been said to consist of a duty on the part of one toward another and the violation or breach of that duty, or of plaintiff's primary right and the act or omission of defendant. It may consist of one or more essential facts which plaintiff must show to make out his case and which may be severable. It arises when that is not done which ought to have been done; or that is done which ought not to have been done. The time when the cause of action arises determines the place where it arises."

Montana has a statute identical with our Section 5-402, I.C. In considering the venue of an action against a public officer, the court in the case of State ex rel. Stephens v. District Court, 43 Mont. 571, 118 P. 268, at page 271, Ann.Cas.1912C, 343, at p. 345, said:

"We think the Legislature intended that an action against a public officer for a tort alleged to have been committed by him in the exercise of his authority as such officer should be tried in the county where the act was done, and that, in cases where the place of trial is otherwise properly selected by the plaintiff, the defendant has an absolute right to have it changed to the county where such act was committed."

This same rule was approved in an action against a sheriff and his surety in the case of Enos v. American Surety Co., of N. Y., 95 Mont. 588, 28 P.2d 197.

In the instant case the act constituting a breach of the conditions of the surety bond and which gave rise to the cause of action, was the unlawful sale of liquor which occurred wholly in Valley County.

It appears to be the contention of the appellant that Ada County, the place where the Commissioner of Law Enforcement has his office, where the application for the liquor license was made, and where the bond was filed, may be considered the place where some part of the cause of action arose. Such interpretation might be applicable if the statute read, "county where the transaction in question or some part

thereof occurred." Such transactions, however, are not the act or part of the act which gave rise to the cause of action. The phrase in the statute reading, "or some part thereof, arose" would appear to be applicable in situations where the delict of the defendant giving rise to the cause of action occurs in more than one county. This principle is illustrated by Haffner v. United States F. & G. Co., 35 Idaho 517, 207 P. 715, where this court in an action for false arrest and imprisonment against a sheriff and his bondsman, held that the cause of action being based in part upon the arrest in Bannock County and in part upon the imprisonment which took place in Power County, the venue could properly be laid in either county.

To support their interpretation of the meaning of the phrase, "or some part thereof, arose", appellant cites Westinghouse Electric & Mfg. Co. v. Troell, 30 Tex.Civ. App. 200, 70 S.W. 324; Harvey v. Parkersburg Ins. Co., 37 W.Va. 272, 16 S.E. 580 and Bay City Iron Works v. Reeves & Co., 43 Tex.Civ.App. 254, 95 S.W. 739. These cases are decided under statutes different from the Idaho statute and it appears that the place of venue approved in each of such cases is actually the place where the act of the defendant occurred which gave rise to the cause of action.

The cause of action in the instant case arose wholly in Valley County. No part thereof arose in Ada County within the meaning of the statute, whereby venue could properly be laid in such county.

In Bergin v. Temple, 111 Mont. 539, 111 P.2d 286, 287, 133 A.L.R. 1115, in an action against a sheriff and his surety, the Montana court again discusses the statute in question and the meaning of the words, "the county where the cause, or some part thereof, arose." Our holding under the facts in this cause is not inconsistent with the decision in the majority opinion in the Montana case as to the proper venue in such case. On the other hand, the dissenting opinion in the Montana case follows Haffner v. United States F. & G. Co., supra, and appears to support our conclusions herein.

The order of the trial court changing the place of trial of this action from Ada County to Valley County is affirmed. Costs to respondents.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.