342 P.2d 703

**Eugene DARRAR, Plaintiff-Appellant,**

**v.**

**Cyril CHASE, Mansfield Shepherd, and Chase-Shepherd Lumber Company, Inc., Defendants-Respondents.**

**No. 8694.**

Supreme Court of Idaho.

July 20, 1959.

E. L. Miller, Scott White Reed, Coeur d'Alene, for respondents.

Hawkins & Miller and the late James W. Wayne, Coeur d'Alene, for respondents, Cyril Chase and Mansfield Shepherd.

J. H. Felton, Warren Felton, Lewiston, for appellant.

Scott W. Reed, Coeur d'Alene, for respondent, Chase-Shepherd Lumber Co., Inc.

PORTER, Chief Justice.

This is an action prosecuted by plaintiff for the recovery of triple damages for malicious trespass on timber alleged to be owned by plaintiff-appellant. At the trial the court entered judgments of nonsuit in favor of defendants. From such judgments appellant prosecutes this appeal.

On the first of February, 1955, Carl M. Buell, as seller, and respondents, Cyril Chase and Mansfield Shepherd, as buyers, entered into a written agreement whereby the seller sold to the buyers all the merchantable timber located upon a certain 80-acre tract of land in Shoshone County, for the agreed price of $5 per one thousand board feet of logs taken from such land. The seller guaranteed that there would be not less than 400,000 board feet of logs on such land; and received an advance payment from the buyers in the sum of $2,000. The contract provided that it would expire on December 31, 1955.

At the time the purchase contract was made, the buyers entered into a contract with the appellant, Eugene Darrar, whereby Darrar was employed to and agreed to log and remove all merchantable timber from such 80 acres of land and deliver it to the sawmill of the buyers at Calder, Idaho, for the agreed price of $23 per thousand board feet. By this contract, appellant likewise guaranteed to harvest and deliver at least 400,000 board feet of logs from such timber tract.

These negotiations and the subsequent contracts were largely the result of the efforts of appellant. The interests in the two contracts of the respondents, Cyril Chase and Mansfield Shepherd, were thereafter transferred to the respondent corporation.

Appellant moved onto the timber tract with his machinery and with his men and commenced logging. In May, 1955, the sawmill of respondents was burned. This slowed down the ability of respondents to receive logs and likewise slowed their payment for same. The rebuilding of the sawmill was not completed for about two months.

In July appellant ceased to log the timber tract and moved off his machinery and men, giving as his reason for discon-

tinuing the performance of his contract, the slowness of unloading at the mill of respondents and the slowness of payment. Appellant had delivered approximately 276,000 board feet of logs and was paid therefor in full. Appellant did not return to the timber tract and complete his contract to remove all the merchantable timber and deliver it to respondents.

On January 11, 1956, a meeting was had between the appellant, a representative of the respondents and Carl M. Buell. At such meeting it was agreed that the expiration date of the purchase contract between Carl M. Buell and respondents should be indefinitely extended and that the logging contract between appellant and respondents should likewise be extended in order that appellant could complete his contract to remove and deliver to respondents 400,000 board feet of logs for which respondents had paid Buell and all other merchantable timber from the 80-acre tract in question. It was also agreed that appellant should receive $2 per thousand board feet additional compensation for all timber thereafter removed and delivered to respondents.

Appellant failed and neglected to carry out his contract to remove all the merchantable timber from the 80-acre tract and deliver it to respondents. Thereupon respondents contracted with one Lester Darrar, a brother of appellant, to complete the removal of the merchantable timber from the 80-acre tract and the delivery of such timber to respondents, and which logging he completed between the latter part of July and the latter part of September, 1956.

In the meantime, appellant became interested in timber contracts with other parties and became desirous of obtaining the merchantable timber still remaining unremoved from the 80-acre tract in question. On July 17, 1956, he obtained from Carl M. Buell, an instrument in the form of a quitclaim deed transferring to appellant all merchantable timber on the 80-acre tract and containing an expiration date of December 31, 1956. This instrument recites no consideration and in fact none was given. Appellant testified that the consideration was that he was to pay $5 per thousand board feet for all timber removed. In September, 1956, when appellant learned that the logging of the 80-acre tract had already been completed by respondents, he instituted this action.

The principal complaint of appellant on this appeal is the granting of the judgments of nonsuit. While other minor matters are mentioned, the real question raised in the action is whether appellant had a right in the merchantable timber on the 80-acre tract at the time it was harvested superior to the right of respondents. The individual respondents secured a separate judgment

of nonsuit for the alleged reason that there was no showing of any trespass by them as individuals and that the completion of the logging of the land in question was done by the respondent corporation. In view of our disposition of this cause, we do not deem it necessary to pursue this point.

■ The appellant can in no sense be considered an innocent purchaser for value. He gave nothing for the quitclaim deed and did not agree thereby to perform any covenants. The expiration date thereon shows that it was meant to be nothing more than a contract similar in essential nature to the contract between Carl M. Buell and respondents. At the time he procured the quitclaim deed, appellant was well aware of the rights and ownership of respondents under their extended contract with Carl M. Buell. It was by the fault of appellant in failing to carry out his contract that the remainder of the merchantable timber had not been removed on July 17, 1956, from the land in question. Under these circumstances, any rights obtained by appellant under his quitclaim deed, must be held to be subsequent and inferior to the right of respondents to complete the removal of the merchantable timber from the 80-acre tract of land under their contract with Carl M. Buell.

Upon the representation of illness of Carl M. Buell, respondents caused his deposition to be taken before the court as a witness for defendants. At the trial, appellant offered such deposition in evidence. Respondents objected to its admission unless appellant made Carl M. Buell appellant's witness. The trial court sustained the objection. Appellant contends such ruling was erroneous and cites I.C. § 9–906 and Donahoe v. Herrick, 44 Idaho 560, 260 P. 150. We deem it unnecessary to determine this contention as an examination of the deposition discloses that it adds nothing to appellant's claim of superior rights in the timber which is the decisive issue. Moreover, it adds affirmative proof that Carl M. Buell, at the meeting on January 11, 1956, acquiesced in and agreed to the indefinite postponement of the expiration date of his contract with respondents in order that appellant might have the opportunity to complete his logging contract with respondents and to fulfill his guarantee of delivery of 400,000 board feet of timber for which Carl M. Buell had already received payment.

■ The exclusion of the deposition by the court or its admission could not change the results of the failure of appellant to show superior title. Spongberg v. The First National Bank of Montpelier, 15 Idaho 671, 99 P. 712. Under the circumstances, where the record discloses matters fatal to final recovery, this court will recognize it in the first instance and disregard any errors which do not affect the final result. State for Use and Benefit of Moscow Concrete,

Inc. v. American Surety Co. of New York, 77 Idaho 17, 285 P.2d 1056.

The other specifications of error by appellant have been examined but are without sufficient merit or bearing on the decisive issue to require discussion.

The judgments of nonsuit in favor of respondents are affirmed. Costs awarded to respondents.

TAYLOR, SMITH and McQUADE, JJ., and McFARLAND, District Judge, concur.

KNUDSON, J., not participating.