406 P.2d 802

**Robert BANNING and Ethel Banning, his wife, Plaintiffs-Respondents,**

**v.**

**MINIDOKA IRRIGATION DISTRICT, a corporation, Defendant-Appellant,**

**and**

**Union Pacific Railroad Company, a corporation, Gerald Arthur and Reed Arthur, Defendants-Respondents.**

**No. 9638.**

Supreme Court of Idaho.

Oct. 15, 1965.

Moffatt, Thomas, Barrett & Blanton, Boise, for defendant-appellant.

Baum, Peterson & Kugler, Pocatello, for plaintiffs-respondents.

D. A. Bybee, Frederick L. Ringe, Pocatello, for defendant-respondent Union Pac. R. Co.

Merrill & Merrill, Pocatello, for defendants-respondents Arthur.

TAYLOR, Justice.

Plaintiffs (respondents) brought this action to recover damages for the alleged wrongful death of their sixteen-year-old son, Scott Banning. In their complaint plaintiffs allege that the death resulted from a collision between a train, operated by the defendant (respondent) Union Pacific Railroad Company, and an automobile, driven by one of the defendants (respondents) Arthur, with the permission of the owner, the other defendant Arthur. The collision occurred at a grade crossing in Minidoka county. The Minidoka Irrigation District (appellant) was joined as a defendant and charged with negligence in permitting vegetation to grow upon the bank of an irrigation canal, owned and maintained by it, alongside the roadway leading to the crossing, which obstructed the view of the train approaching the crossing.

The plaintiffs and the defendants Arthur are residents of Minidoka county. The Minidoka Irrigation District is a domestic corporation with its principal place of business in Minidoka county. The Union Pacific Railroad Company is a foreign corporation having its principal place of business in this state in Bannock county. Plaintiffs commenced the action in Bannock county July 7, 1964. After being served with summons the defendant Minidoka Irrigation District filed a petition for an enlargement of time within which to appear and plead further, on the ground that additional time was required to enable defendant's counsel to investigate the facts to "enable this defendant to appear or otherwise plead." Twenty days additional time was granted upon the hearing of the petition. Within the time as extended the irrigation district filed its motion for a change of venue from Bannock county to Minidoka county on the ground that the latter was the county where it maintained its activities, offices and principal place of business, and that defendants Arthur were residents of Minidoka county. The defendants Arthur did not join in the motion for change of venue.

After hearing, the court denied the motion on the ground that the irrigation district by its motion for an enlargement of time to answer had invoked the jurisdiction of the court in Bannock county; that this constituted an appearance, and that, having failed to initiate proceedings for a change of venue at its first appearance, defendant had waived its right to a change of venue. The controlling statute is as follows:

"If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writ-

ing, that the trial be had in the proper county." I.C. § 5–405.

■ By filing the motion for the enlargement of time to plead, the irrigation district "appeared" but did not answer or demur. The statutory phrase "at the time he appears and answers or demurs," is in the conjunctive, and does not require the motion for change of venue until the defendant answers or demurs. In support of the claimed waiver, plaintiffs cite Pingree C. L. Co. v. C. J. Webb & Co., 36 Idaho 442, 211 P. 556 (1922), and American Surety Co. of New York v. District Court, etc., 43 Idaho 589, 254 P. 515 (1927). In both cases the issue considered was what constituted an appearance submitting the defendant to the jurisdiction of the court. Neither case involved the issue as to whether a motion for change of venue must be filed in case of an appearance prior to answer or demurrer.

Although the ruling cannot be sustained on the ground of waiver, the error was harmless because, as hereinafter stated, we find the ruling correct on other grounds. Darrar v. Chase, 81 Idaho 398, 342 P.2d 703 (1959); State for Use and Benefit of Moscow Concrete, Inc. v. American Surety Company of New York, 77 Idaho 17, 285 P.2d 1056 (1955); I.C. § 5–907.

Appellant irrigation district's further contention is that the defendant Union Pacific Railroad, being a foreign corporation, is not a resident of any particular county, but may be sued in any county in the state, and that it therefore has no right to insist that the cause be tried in Bannock county in defeat of the irrigation district's right to have the cause tried in the county of its principal place of business. The applicable statute, I.C. § 5–404, in part, provides:

"In all other cases the action must be tried in the county in which the defendants, or some of them, reside, at the commencement of the action; * * and provided, further, that in all actions against any corporation organized under the laws of the state of Idaho, suit or action shall be commenced and tried in any county of this state where the defendant has its principal place of business or in the county in which the cause of action arose."

The first provision in the statute "the action must be tried in the county in which the defendants or some of them, reside," is mandatory in terms. It is argued that this language, together with the last provision of the statute, also mandatory in terms, making a domestic corporation in effect a resident of the county where it has its principal place of business, requires that the action be removed to Minidoka county. The irrigation district cites Boyer v. Northern Pac. Ry. Co., 8 Idaho 74, 66 P. 826, 70 L.R.A. 691 (1901), in support of its

contention that the Union Pacific Railroad, being a foreign corporation, has no fixed residence in the state, and may be sued in any county in the state, and therefore is in no position to resist the removal of the action to Minidoka county under the mandatory provisions of the foregoing statute. The last proviso in I.C. § 5–404, above quoted, was added to that section by amendment in 1923, and in 1927 in American Surety Co. of New York v. District Court, etc., 43 Idaho 589, 254 P. 515 (1927), the rule of the Boyer case as to foreign corporations was held to be still in force.

Countering the contention of the irrigation district, the defendant railroad company calls attention to Power Manufacturing Company v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165, (1927), in which it was held that an Arkansas statute, under which an action against a foreign corporation could be brought in any county in the state, and under which a domestic corporation must be sued in the county where it had a place of business, or where its chief officer resided, denied equal protection of the law to a foreign corporation in violation of the 14th Amendment to the United States Constitution  The railroad company contends that to enforce the proviso, in I.C. § 5–404, in favor of the irrigation district, a domestic corporation, while holding the railroad, a foreign corporation, subject to action in any county in the state, would discriminate against the railroad and favor the domestic corporation in violation of the 14th amendment. We are also mindful of I.C. § 30–510 as follows:

"Foreign corporations complying with the provisions of this chapter shall have all the rights and privileges of life [like] domestic corporations, including the right to exercise the right of eminent domain, and shall be subject to the laws of the state applicable to like domestic corporations."

Neither the Power Manufacturing Company case, supra, nor I.C. § 30–510 was considered in American Surety Co. of New York v. District Court, etc., supra.

In view of the statute (I.C. § 30–510) and the ruling in the Power Manufacturing Company case, we are constrained to hold that, for purposes of determining venue, the defendant Union Pacific Railroad Company must be regarded as a resident of Bannock county, where it maintains its principal place of business in this state, subject to the choice of the plaintiff in cases where the action may be maintained in either of two or more counties, and "subject, however, to the power of the court to change the place of trial, as provided in this code." I.C. §§ 5–404, 5–406.

Plaintiffs contend that granting or refusing a motion for change of venue is within the discretion of the trial court.

Our venue statutes are couched in mandatory language. Bentley v. Lucky Friday Extension Mining Co., 70 Idaho 511, 223 P.2d 947 (1950); McCarty v. Herrick, 41 Idaho 529, 240 P. 192 (1925). Determination of venue is within the discretion of the court only in cases where conflicting issues of fact must be resolved, such as the actual residence of a defendant, Jarvis v. Hamilton, 73 Idaho 131, 246 P.2d 216, 33 A.L.R.2d 910 (1952); convenience of witnesses, Stephen v. Hoffman, 86 Idaho 304, 386 P.2d 56 (1963); Spaulding v. Hoops, 49 Idaho 289, 287 P. 947 (1930); or impartial trial, Gibbert v. Washington Water Power Co., 19 Idaho 637, 115 P. 924 (1911).

In opposing the application here of the rule of the Power Manufacturing Company case, the defendant irrigation district calls attention to the last phrase in I.C. § 5–404, fixing the alternative venue "in the county in which the cause of action arose." The irrigation district also distinguishes the Power Manufacturing Company case, quoting therefrom, "defendant neither had any property nor owed any debts in the county where it was sued," whereas, here, the railroad company owns property and does business in Minidoka county. These contentions seek to raise issues which are not before us upon this appeal. In this case the district court ruled that the irrigation district had waived its right to claim a change of venue. Consideration of issues as to impartial trial, convenience of witnesses, ends of justice, or the statutory provisions fixing venue in the county in which the cause of action arose, were not presented to, nor determined by, the trial court. Some of such issues may be hereafter presented to that court. Cf. Anderson v. Springer, 78 Idaho 17, 296 P.2d 1024 (1956).

Order affirmed.

Costs to respondents.

McQUADE, C. J., and McFADDEN, SMITH and KNUDSON, JJ., concur.