786 P.2d 543

**PINTLAR CORPORATION (formerly the Bunker Hill Company), and Gulf Resources & Chemical Corporation, Plaintiffs–Respondents,**

v.

**BUNKER LIMITED PARTNERSHIP; BH Properties, Inc; the Hagadone Corporation; Harry F. Magnuson; and Simplot Development Corporation, Defendants–Appellants.**

Nos. 17848 to 17851.

Supreme Court of Idaho.

Jan. 3, 1990.

Rehearing Denied Feb. 15, 1990.

---

153

Witherspoon, Kelly, Davenport & Toole, P.S., Spokane, Wash., for defendant-appellant Bunker Ltd. William D. Symmes, argued.

Hawley Troxell Ennis & Hawley, Boise, for defendant-appellant Simplot. Wayne B. Slaughter, argued.

Paine Hamblen Coffin Brooke & Miller, Coeur d'Alene, for defendant-appellant Hagadone. Eugene L. Miller, argued.

Givens McDevitt Pursley Webb & Buser, Boise, for defendant-appellant Magnuson. Patrick J. Miller, argued.

Elam, Burke & Boyd, Boise, for plaintiffs-respondents. William J. Russell, argued.

BOYLE, Justice.

On November 1, 1982, Gulf Resources and Chemical Corporation (Gulf) and Bunker Hill (now Pintlar) sold the Bunker Hill Mine, associated assets and real property located in Shoshone County to the Bunker Limited Partnership, whose principal place of business is in Shoshone County. Bunker

Limited has one general partner, BH Properties. The limited partners in Bunker Limited are Harry F. Magnuson, a resident of Shoshone County; Hagadone–Idaho, Inc., an Idaho corporation with its principal place of business in Kootenai County; the Simplot Development Corporation, an Idaho corporation with its principal place of business in Ada County; and Jack W. Kendrick, a resident of Shoshone County.

The written purchase agreement consists of a number of contracts and agreements including Limited Guaranties signed by Simplot Development, Hagadone Corporation and Harry F. Magnuson.

On October 30, 1987, Gulf and Pintlar filed suit in Ada County against all defendants, alleging breach of express contract of various terms of the asset purchase agreement and breach of the Agreement of Assumption on the part of Bunker Limited, and tortious interference with the contract on the part of Harry F. Magnuson. Pintlar and Gulf contend that they are entitled to relief against Magnuson, Hagadone and Simplot Development pursuant to the guaranty provisions.

After the complaint was filed, defendants moved for a change of venue. The district court denied the motion, finding that Ada County was a proper venue. Defendants filed a motion to reconsider and alternatively for leave to appeal. The district court denied both motions. On October 20, 1988, this Court granted the defendants' petitions for permission to appeal.

## I.

### Venue and Necessary Parties.

■ Defendants contend that Simplot Development, as a limited partner and guarantor, is not a necessary party to the resolution of the principal dispute between plaintiffs and Bunker Limited partnership. Consequently, defendants argue that Ada County venue based solely upon Simplot Development's principal place of business or legal residence in Ada County is not proper. Defendants assert that since its enactment, I.C. § 5–404 has allowed only necessary parties to be joined and required to try cases outside the counties of their residence. Defendants direct this Court's attention to the legislative intent of I.C. § 5–404 to support their position that the statute must be considered in light of other statutes on the same subject. They point to the repealed Idaho joinder statutes, I.C. § 5–313; § 5–606, which required all parties to be necessary parties; all causes of action to belong to only one of the enumerated classes, such as contract, injuries to persons, claims against a trustee; and the causes of actions to affect all of the parties and not require different places of trial. In support of their position, defendants cite I.R.C.P. 82(a), which provides that the civil rules "shall not be construed to extend or limit ... the venue of actions therein...." The cited statutes were repealed in 1975, thus joinder of parties is governed by the Idaho Rules of Civil Procedure.

The district court concluded that the traditional limitation to joinder of only necessary parties was removed when the legislature repealed I.C. § 5–313 and § 5–606. We agree.

I.C. § 5–404 provides:

In all other cases *the action must be tried in the county in which the defendants, or some of them, reside, at the commencement of the action;* ... and provided, further, that *all actions against any corporation* organized under the laws of the state of Idaho, suit or action *shall be commenced* and *tried in any county* of this state where the *defendant has its principal place of business* or in the county in which the cause of action arose. (Emphasis added.)

The language of I.C. § 5–404 is clear, and defendants' reliance on I.R.C.P. 82(a) is misplaced. Rule 82(a) merely provides that adoption of the Idaho Rules of Civil Procedure does not "extend or limit the jurisdiction of any court of this state, or the venue of actions therein, ..."[1]

---

1. **Rule 82(a). Jurisdiction and venue unaffected.**—These rules shall not be construed to extend or limit the jurisdiction of any court of this state, or the venue of actions therein, except as provided in this Rule 82 and its subparagraphs.

Venue in transitory actions such as the instant case is generally not determined according to the joinder of parties and the nature of claims asserted, but according to the residence of the defendant at the time the action is commenced. Rather, the district court is required to evaluate the nature of plaintiff's claims only in making the threshold determination whether an action is local under I.C. § 5–401 or transitory under § 5–404. *Jarvis v. Hamilton*, 73 Idaho 131, 246 P.2d 216 (1952). The district court correctly ruled that the action was transitory and governed by I.C. § 5–404.

The Idaho legislature did not amend or repeal I.C. § 5–404 after the Idaho Rules of Civil Procedure were adopted, or when I.C. § 5–313 and § 5–606 were repealed, to limit venue only to necessary party defendants, and § 5–404 is controlling on the issue of venue in this action.

## II.

Venue and Principal Place of Business.

■ Defendants next argue that the language of I.C. § 5–404 mandates that an action against a corporation be brought only where it has its principal place of business or where the cause of action arose. Defendants insist that because the defendant corporations have their principal place of business in several different counties, that the action should be brought in the county where the cause of action arose. In this case, the property subject to the contracts is located in Shoshone County, while the actual negotiations and signing of the various documents occurred in Spokane, Washington and in Coeur d'Alene, Kootenai County, Idaho. Idaho Code § 5–404 does not specifically address itself to circumstances similar to the instant action in which an individual and corporations with different residences are defendants in the same action. To adopt a construction that the latter portion of I.C. § 5–404 dealing with corporations overrides the remainder of the preceding portions of the statute would give a corporation substantially more rights than individuals with respect to venue. This asserted position would obviously be an unfair and unreasonable interpretation of the statute and clearly inconsistent with existing case law. For purposes of determining venue, a corporation must be regarded as a resident of the county where it maintains its principal place of business. *Banning v. Minidoka Irrigation Dist.*, 89 Idaho 506, 406 P.2d 802 (1965). In *Banning*, individuals brought a wrongful death action in Bannock County against Union Pacific Railroad and Minidoka Irrigation District. Union Pacific was a foreign corporation with its principal place of business in Bannock County. Although the cause of action arose in Minidoka County, Minidoka Irrigation sought a change of venue to Minidoka County on the contention that, as a foreign corporation, Union Pacific had no right to have the case tried in Bannock County. This Court stated:

> The first provision in the statute "the action must be tried in the county in which the defendants or some of them, reside," is mandatory in terms. It is argued that this language, together with the last provision of the statute, ["in any county of this state where the defendant has its principal place of business or in the county in which the cause of action arose."] also mandatory in terms, making a domestic corporation in effect a resident of the county where it has its principal place of business, requires that the action be removed to Minidoka county.... *[W]e are constrained to hold that, for purposes of determining venue,* the defendant Union Pacific Railroad Company must be *regarded as a resident* of Bannock county, *where it maintains its principal place of business in this state, subject to the choice of the plaintiff* in cases where the action may be maintained in either of two or more counties.... (Emphasis added.)

89 Idaho at 510–11, 406 P.2d at 803–04.

In the present action, Simplot Development, for venue determination purposes, is a "resident" of Ada County where it maintains its principal place of business. Therefore venue is proper in Ada County as to all defendants. We affirm the decision of the district court.

## III.

### Waiver of Venue By Defendant.

█ Defendants assert that because Simplot Development waived its right to venue in Ada County, it is eliminated as a location for trial. We disagree. *Banning* provides that where an action may be maintained in either of two or more counties, the choice is that of the plaintiff at the commencement of the action. A defendant's waiver of venue rights subsequent to commencement of the action does not diminish the rights of the plaintiff in initially selecting venue. This principle is clearly supported in *McCarty v. Herrick*, 41 Idaho 529, 535, 240 Pac. 192 (1925), a case in which the parties actually stipulated that the action be maintained without regard to the residence of the defendant. This Court held that venue is a statutory matter to be determined by the residence of the defendant, and could not be changed by agreement of the parties. In *McCarty* we held:

> The rules to determine in what courts and counties actions may be brought are fixed and considerations of general convenience and expediency, by general law; to allow them to be changed by the agreement of parties would disturb the symmetry of the law, and interfere with such convenience.

*McCarty*, 41 Idaho at 536, 240 Pac. at 194, quoting *Nute v. Hamilton Mut. Ins. Co.*, 72 Mass. (6 Gray) 174. *See also Monogram Co. of California v. Kingsley*, 38 Cal.2d 28, 237 P.2d 265, 266–67 (1951).

Simplot Development's waiver of venue in Ada county is not sufficient to change venue.

## IV.

### Venue Proper Where One Defendant Resides.

█ Defendants assert that I.C. § 5–404, in stating "the action must be tried in the county in which the defendants, or *some* of them reside ..." (emphasis added), in the case of multiple defendants residing in different counties, mandates that venue is proper only in counties where more than one defendant resides. As a general rule, in a transitory action such as that brought pursuant to I.C. § 5–404, where there are several defendants, it is permissible to base venue in the county of the residence of any one of them against whom substantial relief is sought. *Zarrow v. Hughes*, 282 P.2d 215 (Okla.1955); *Monogram Co. of California v. Kingsley*, 38 Cal.2d 28, 237 P.2d 265 (1951); 77 Am.Jur.2d, *Venue*, § 33, p. 875.

The test in Idaho to determine venue is established in *Banning v. Minidoka Irrigation Dist.*, 89 Idaho 506, 406 P.2d 802 (1965). To adopt the rationale urged by defendants is inconsistent with existing case law and is not a proper interpretation or construction of I.C. § 5–404.

Granting or refusing to grant a motion for change of venue lies in the sound discretion of the trial court, and will not be disturbed in the absence of manifest abuse of that discretion. *Jarvis v. Hamilton*, 73 Idaho 131, 135, 246 P.2d 216, 218 (1952); *Stephan v. Hoffman*, 86 Idaho 304, 386 P.2d 56 (1963). A review of the record in the present action reveals no abuse of discretion by the trial court. Rather, the trial court applied the proper legal standard in denying the motions to change venue.

█ Other theories or grounds for change of venue that were not brought before the trial court, *i.e.*, convenience of witnesses and promoting the ends of justice under I.R.C.P. 40(e), are not before this Court and will not be considered. Accordingly, the parties are not precluded from raising those issues on remand.

Simplot Development's residence in Ada County provides a proper basis for venue, and the decision of the district court is affirmed. Costs to respondents.

BAKES, C.J., and BISTLINE and JOHNSON, JJ. concur.

McFADDEN, J. Pro Tem. dissents without opinion.