96 P.3d 652

Scott HAYES, Scott Worthen, Sharla Worthen, Steve Ryals, Tom Morgan, Sue Allison and Tom Laws, Plaintiffs–Respondents,

v.

David O. KINGSTON, Defendant–Appellant,

and

Collabware Corporation, an Idaho corporation, William J. Inman, an individual, Barry L. Moyer, an individual, and Michael J. Lightfoot, an individual, Defendants.

William J. Inman, Cross–Claimant,

v.

Collabware Corporation, an Idaho corporation, David O. Kingston, an individual, Barry L. Moyer, an individual, and Michael J. Lightfoot, an individual, Cross–Defendants.

David O. Kingston, both individually and derivatively on behalf of CollabWare Corporation, Cross–Claimant,

v.

Collabware Corporation, an Idaho corporation, William J. Inman, an individual, and Barry L. Moyer, an individual, Cross–Defendants.

David O. Kingston, Third–Party Plaintiff,

v.

Michael J. Lightfoot, an individual, Michael J. Lightfoot, P.C., Gary Blume, an individual, and Blume Law Firm, P.C., Third–Party Defendants.

Barry L. Moyer, Cross–Claimant,

v.

Collabware Corporation, an Idaho corporation, William J. Inman, an individual, David O. Kingston, an individual, and Michael J. Lightfoot, an individual, Cross–Defendants.

Gary Blume, an individual, and Blume Law Firm, P.C., Cross–Claimants,

v.

Michael J. Lightfoot, an individual, and Michael J. Lightfoot, P.C., Cross–Defendants.

Gary Blume, an individual, and Blume Law Firm, P.C., Counterclaimants,

v.

David O. Kingston, an individual, and Collabwar Corporation, an Idaho corporation, Counterdefendants.

No. 29815.

Supreme Court of Idaho,
Boise, May 2004 Term.

Aug. 9, 2004.

**552**

Hawley, Troxell, Ennis & Hawley, Boise, for appellant. Eugene A. Ritti argued.

Cosho, Humphrey, Greener & Welsh, Boise, for respondents. Daniel L. Glynn argued.

BURDICK, Justice.

In this permissive appeal, pursuant to I.A.R. 12(c), David O. Kingston appeals from the district court's denial of his motion to change venue from Ada County, where the plaintiffs allege the fraudulent representations which form the basis of the action took place, to Bonneville County, where the corporation has its principal place of business, some of the defendants reside and, according to Kingston, where the plaintiffs suffered a loss.

## FACTUAL AND PROCEDURAL BACKGROUND

CollabWare Corporation is an Idaho corporation whose principal place of business is Idaho Falls, Bonneville County, Idaho. In soliciting investors in the corporation, the defendants prepared and distributed a Private Placement Memorandum explaining the investment opportunity and scheduled presentations in Boise, Ada County, where Kingston and Michael Inman made further key representations about the corporation's business, financial condition and development progress. Each plaintiff signed a subscription agreement, which was directed to the corporation and was ultimately accepted and executed by the corporation at its Idaho Falls business location.

The plaintiffs are all shareholders of the defendant corporation. The defendants, Kingston and William Inman, are residents of Bonneville County, Idaho; the other named defendants are not Idaho residents. In an action filed in the Ada County District Court, the plaintiffs allege that the corporation and its officers and directors, who were involved in marketing and promoting the purchase of series A preferred stock in the corporation, committed fraud in the issuance of unregistered securities to the plaintiffs. According to the plaintiffs' complaint, the defendant corporation had represented itself as a provider of software and services to engineering companies, in particular a Computer Aided Design (CAD) system called the

GS–Design that the corporation boasted was the new generation of CAD technology developed by Lockheed Martin. The corporation claimed it had been formed to market the GS–Design, whose inventors were unable to market the same pursuant to non-compete agreements with their previous employer, Lockheed Martin.

The plaintiffs began the fraud action when they learned of the falsity of the corporation's claims and upon receipt of correspondence from the corporation informing them that CollabWare had run out of capital and was discontinuing all operations. Plaintiffs filed the action in the forum where the initial contacts, the solicitations, and the dealings with the corporation's agents had taken place, Ada County.

The plaintiffs' first amended complaint was filed on July 24, 2002. Defendant Kingston filed a motion pursuant to I.R.C.P. 12(b)(3) asserting that the complaint was filed in an improper county as no defendants resided in Ada County and no cause of action arose in Ada County. Defendant Inman joined in Kingston's motion requesting a change of venue, which motion was heard by the district court on January 8, 2003. The district court issued an order denying the motion, concluding that the fraudulent representations forming the basis of the fraud claims and securities fraud were made in Ada County, which therefore is the proper venue for the action.

Kingston filed a motion for permissive appeal to the district court pursuant to I.R.C.P. 12(b). The district court heard the motion and denied the same on April 11, 2003. Kingston then filed a motion with the Idaho Supreme Court seeking permission to pursue an interlocutory appeal under I.A.R. 12(c), which the Court granted. Kingston's notice of appeal was filed in accordance with the Court's order, on July 10, 2003.

## ISSUE OF APPEAL

The sole issue raised in this appeal is whether I.C. § 5–404 mandates venue in Bonneville County, which is the corporation's principal place of business and where defendant Kingston argues the cause of action arose.

## STANDARD OF REVIEW

Interpretation of a statute is a question of law over which a court will exercise free review. *Gooding County v. Wybenga,* 137 Idaho 201, 204, 46 P.3d 18, 21 (2002). Statutory interpretation begins with the literal words of the statute, giving the language its plain, obvious and rational meaning. *International Ass'n of Firefighters, Loc. No. 672 v. City of Boise City,* 136 Idaho 162, 169–70, 30 P.3d 940, 947–48 (2001). Where a statute or constitutional provision is clear, the Court must follow the law as written and, thus, when the language is unambiguous, there is no occasion for application for rules of construction. *Sweeney v. Otter,* 119 Idaho 135, 138, 804 P.2d 308, 311 (1990).

## DISCUSSION

Kingston argues that the plaintiffs' suit may be tried in Ada County only if "the cause of action arose in" Ada County. Kingston asserts that until the plaintiffs obtained ownership of the CollabWare Corporation stock, they suffered no damages as set forth in their claims for relief; the plaintiffs obtained ownership of the stock when the corporation accepted the subscription agreement offers in Idaho Falls. The plaintiffs, now respondents, argue they were induced to invest in the corporation in Boise, which is the forum where the representations were communicated, making Ada County an appropriate venue for the action.

The plaintiffs filed their action against CollabWare Corporation and the individual officers and directors of the corporation in Ada County. In the amended complaint, the plaintiffs claimed that the corporation and its officers and directors (1) violated the Idaho Securities Act, I.C. § 30–1401 *et seq.,* (2) committed fraud in soliciting the plaintiffs' investment in the corporation, and (3) breached a fiduciary duty owed to the stockholders. Defendant Kingston, prior to answering the complaint, filed a motion pursuant to I.R.C.P. 12(b)(3) asserting that venue in Ada County was improper. Kingston asserted that the principal place of business of

the corporation was in Bonneville County and the fraud cause of action arose upon the acceptance by the corporation of the plaintiffs' subscription agreement offers, which took place at the corporation's principal place of business in Bonneville County. Thus, argued Kingston, venue was not proper in Ada County, and the action should have been transferred to Bonneville County.

It is immediately recognized that the action seeking damages for fraud and deceit is transitory, *Andre v. Morrow,* 106 Idaho 455, 472, 680 P.2d 1355, 1372 (1984), and governed by I.C. § 5–404. *Pintlar Corp. v. Bunker Limited Partnership,* 117 Idaho 152, 154, 786 P.2d 543, 546 (1990). In relevant part, the venue statute provides:

> [I]n all actions against any corporation organized under the laws of the state of Idaho, suit or action shall be commenced and tried in the county of this state where the defendant has its principal place of business or in the county in which the cause of action arose.

I.C. § 5–404. The language of the statute that appellant seeks to have defined is "the county in which the cause of action arose." Idaho appellate courts have interpreted "the cause of action arose" language of I.C. § 5–404 in a civil libel action, *P.C. O'Malley v. Statesman Printing Co.,* 60 Idaho 326, 91 P.2d 357 (1939) (where "the cause of action arose" held to be in Ada County where the newspaper was composed, printed and published, requiring a change of venue), and in a breach of contract action, *Corder v. Idaho Farmway, Inc.,* 133 Idaho 353, 358, 986 P.2d 1019, 1024 (Ct.App.1999) (where "the cause of action arose" held to be where the contract was made, where the contract was breached or where the damage occurred). No Idaho case has interpreted the relevant language as it applies to a fraud or securities case.

■ The test in Idaho to determine venue is set forth in *Banning v. Minidoka Irrigation Dist.,* 89 Idaho 506, 406 P.2d 802 (1965):

> Our venue statutes are couched in mandatory language. *Bentley v. Lucky Friday Extension Mining Co.,* 70 Idaho 511, 223 P.2d 947 (1950); *McCarty v. Herrick,* 41 Idaho 529, 240 P. 192 (1925). Determina-

tion of venue is within the discretion of the court only in cases where conflicting issues of fact must be resolved, such as the actual residence of a defendant, *Jarvis v. Hamilton,* 73 Idaho 131, 246 P.2d 216, 33 A.L.R.2d 910 (1952); convenience of witnesses, *Stephen* (sic) *v. Hoffman,* 86 Idaho 304, 386 P.2d 56 (1963); *Spaulding v. Hoops,* 49 Idaho 289, 287 P. 947 (1930); or impartial trial, *Gibbert v. Washington Water Power Co.,* 19 Idaho 637, 115 P. 924 (1911).

*Id.* at 512, 406 P.2d at 804. There were no factual issues to be resolved in this case and no dispute that the principal place of business of the corporation is Bonneville County, where proper venue lies. As a matter of law, we are therefore required to decide only as a matter of statutory interpretation whether venue was proper in Ada County where the action was filed.

Where the action may be maintained in either of two or more counties, venue is at the election of the plaintiff, " 'subject, however, to the power of the court to change the place of trial, as provided in this code.' I.C. §§ 5–404, 5–406." *Banning,* 89 Idaho at 511, 406 P.2d at 804.

In *State ex rel. Summers v. Lake Tavern,* 73 Idaho 377, 252 P.2d 831 (1953), the Court analyzed I.C. § 5–402, which reads as follows, "[a]ctions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial[,]" and a similar Montana venue statute. *Id.* at 380, 252 P.2d at 832. Noting the significant differences in the language appearing in venue statutes, the Court concluded, "a cause of action is said to arise generally at the place where the act creating the right to bring an action occurred." *Id.* at 381, 252 P.2d at 833, *citing* 56 Am.Jur., Venue § 34, p.38.

The plaintiffs rely on *Corder v. Idaho Farmway, Inc.,* 133 Idaho 353, 986 P.2d 1019 (Ct.App.1999), which analyzed I.C. § 5–404 as applied to a breach of contract action, which for purposes of venue may be brought either where the contract was made, where it was breached, or where the damage occurred. *Id.* at 358, 986 P.2d at 1025. How-

ever, neither *Corder* nor any other case cited provides guidance as to whether venue in a fraud action lies where the misrepresentations were made.

In *Schmidt v. Shearer*, 26 Kan.App.2d 760, 995 P.2d 381, 389–90 (1999), the Kansas Court of Appeals interpreted their venue statute containing the identical phrase "cause of action arose" as contained in our venue statute. The Kansas Court held as follows:

> To determine which venue option applies, this court must interpret K.S.A. 60–603(3) and K.S.A. 60–604(2), which establish venue in the county where the cause of action arose.... "Arose" is defined as originating from a specified source. Webster's Third New International Dictionary 117. This language implies causation rather than the resulting injury. Focusing on causation leads to the conclusion that the proper venue for a wrongful death action is the county where the injury causing death occurred. In this case that would be Ford County. We conclude, under the facts of this case, that either the place of the injury causing death or the place of the death are appropriate for determining venue. We conclude that the trial courts are in the best position to conclude where a suit of this nature should be tried.

*Id.* We agree with the *Schmidt* court that for purposes of our venue statute the language "cause of action arose" implies causation rather than the resulting injury. We decline to hold that venue lies where the last event necessary to make the defendant liable for the tort took place, as urged by Kingston. See *PricewaterhouseCoopers LLP v. Cedar Resources, Inc.*, 761 So.2d 1131 (Fla.Dist.Ct. App.1999) (construing a venue statute containing the language "where the cause of action accrues").

■ A claim for fraud has nine elements: (1) a statement or a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8)

justifiable reliance; and (9) resultant injury. *Carl H. Christensen Family Trust v. Christensen*, 133 Idaho 866, 872, 993 P.2d 1197, 1203 (1999). The misrepresentation is the crux of a fraud claim and the element that causes the injury. We believe the alleged misrepresentations were made and heard at the presentations in Boise, Ada County, making venue proper in Ada County.

For a claim under I.C. § 30–1446, "any person who offers or sells a security in violation of any provisions of sections 30–1416 through 30–1431, Idaho Code ... is liable to the person buying the security from him, who shall be entitled to sue either in law or equity to recover the consideration paid for the security...." Because the Act proscribes not only a sale of unregistered securities, but also an offer to sell, the corporation's solicitation of the plaintiffs, which was conducted in Ada County, makes Ada County a proper venue. The cause of action then arose in Ada County.

■ Here, the district court found "the fraudulent representations which form the basis of the fraud claims and securities claims were made [in Ada County]," and concluded that the action could be tried in Ada County. We agree and hold that the phrase "where the cause of action arose" in a fraud case to mean venue lies where the misrepresentation was made or heard, or where the injury occurred. In a security case the phrase means venue lies where the offer to sell was made or where the securities were sold.

Therefore, we conclude that the district court's decision to deny Kingston's motion to transfer venue to Bonneville County was not an abuse of discretion. We affirm.

## CONCLUSION

We affirm the district court's decision fixing venue in Ada County. Other theories or grounds for change of venue, which the record shows were not raised in the trial court, *i.e.*, convenience of witnesses and promoting the ends of justice under I.R.C.P. 40(e),[1] are

1. Rule 40(e).Change of venue.

(1) Judge or magistrate may grant a change of venue or change the place of trial to another

not before this Court and will not be considered on appeal. *See Pintlar Corp. v. Bunker Ltd. Partnership*, 117 Idaho 152, 156, 786 P.2d 543, 547 (1990); *Banning v. Minidoka Irrigation District*, 89 Idaho 506, 512, 406 P.2d 802, 805, (1965); *Jarvis v. Hamilton*, 73 Idaho 131, 135, 246 P.2d 216, 219 (1952).

Costs to Respondents.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN concur.

county in any civil action as provided by statute, and the judge or magistrate must, on motion pursuant Rule 12(b), change the venue of a trial when it appears by affidavit or other satisfactory proof:

    (A) That the county designated in the complaint is not the proper county, or

    (B) That there is reason to believe that an impartial trial cannot be had therein, or

    (C) That the convenience of witnesses and the ends of justice would be promoted by the change.

\* \* \* \*

(4) In ruling upon a motion for change of venue under subsection (1)(A) above, the court may consider an objection thereto based upon subsection (1)(B) or (1)(C), and the court may deny an otherwise proper motion for change of venue under (1)(A) if it finds that the convenience of witnesses and the ends of justice would be promoted by retaining jurisdiction in the county where the action is filed.