773 P.2d 1143

CERAMI-KOTE, INC., an Idaho corporation; Washington Ceramic Coatings, Inc., a foreign corporation; Thermal Coatings of Seattle, Inc., a foreign corporation; Thermal Coatings of Sacramento, Inc., a foreign corporation; Gary D. Adams and Mary E. Adams, husband and wife; Don Bunn and Jeanine Bunn, husband and wife; Marvin Flaherty; K.E. Duncan and Marjorie L. Duncan, husband and wife; Ronald C. Duncan and Cathleen C. Duncan, husband and wife; and Richard Thurber, Plaintiffs-Respondents,

v.

ENERGYWAVE CORPORATION, a foreign corporation; Ziebarth Corporation, a foreign corporation; Richard G. Ziebarth and Beatrice E. Ziebarth, husband and wife, Defendants-Appellants,

and

Permatherm Incorporated, an Idaho corporation, Defendant.

No. 16983.

Supreme Court of Idaho.

May 8, 1989.

Green, Service, Gasser & Kerl, Pocatello, for defendants-appellants. Steven V. Richert, argued.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for plaintiffs-respondents. John R. Goodell, argued.

BISTLINE, Justice.

This action grows out of a business relationship between Energywave Corporation (Energywave), a manufacturer and distributor of a ceramic insulation system, and the numerous plaintiffs set out in the caption above. Energywave Corporation granted licenses to sell, market, distribute, and install the roofing sealant which it had developed. Plaintiffs filed an action in Bannock County alleging various contractual, tort, and statutory violations. Energywave filed a motion to dismiss based upon contractual language which selected the law of Florida as the law to be applied to the contract and which designated a particular county court in Florida as the venue for the enforcement, construction, or interpretation of the contract.

Energywave is the successor-in-interest to Ziebarth Corporation. Both companies are incorporated under the laws of Florida and both maintain their principal place of business in Citrus County, Florida. Energywave manufactures and distributes a roofing sealant. The plaintiffs are corporations and individuals incorporated or residing in the states of Idaho, Oregon, Washington, and California.

The contract into which the parties entered contained the following language which Energywave's motion to dismiss seeks to enforce:

13. VENUE.

ZIEBARTH and CONTRACTOR hereby specifically agree that the venue for the enforcement, construction, or interpretation of this agreement shall be the Circuit Court of Citrus County, Florida, and the parties do hereby specifically waive any venue privilege and/or diversitive citizenship privilege which they have or may have, and the parties, jointly and severally, do hereby waive any right which they have or may have against to institute any proceedings in connection with this agreement, in any other county of the state of Florida, in any other state,

court, other than the Circuit Court of Citrus County, Florida.

....

## 20. APPLICABLE LAW.

THIS agreement shall be interpreted, construed and governed by the laws of the state of Florida.

The plaintiffs have sold and applied the Ziebarth insulation system to many customers' buildings, including many in Idaho. Their complaint alleges a substantial number of failures of the defendants' product by reason of which the numerous plaintiffs have been required to do additional repairs or replacements of defective applications. On August 6, 1986, the plaintiffs filed a complaint and demand for a jury trial in Bannock County. The complaint alleged various breaches of contract, tort, and statutory violations.

Energywave appeared in the action pursuant to I.R.C.P. 12(b)(3) and on September 19, 1986, filed a motion to dismiss asserting that the Idaho court should decline jurisdiction and uphold the choice of forum based on the contractual language cited above. The district court denied this motion to dismiss. We granted permission for an appeal by Energywave from the court's interlocutory order. This appeal requires us to determine whether the district court erred in denying the motion.

Energywave's appeal presents the following two issues:

1. Did the district court err in not applying the choice of law provision in the parties' contract?

2. Assuming that the district court did not err in failing to apply the choice of law provision, did the court err, in applying Idaho law, by concluding that Idaho Code § 29-110 bars enforcement of the forum selection clause in the contract?

### I

■Idaho Code § 28-1-105(1) provides that parties to commercial transactions have the power to choose the applicable law governing their transaction:

Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation, the parties may agree that the law either of this state or such other state or nation shall cover their rights and duties. Failing such agreement, this act applies to transactions bearing an appropriate relation to the state.[1]

I.C. § 28-1-105(1) (1980).

■ Here the parties' agreement in clause 20 quoted above, provided that their contract shall be interpreted, construed and governed by the laws of Florida. It cannot be doubted that Florida bears a reasonable relation to the transaction. Energywave and Ziebarth are corporations organized under the laws of Florida, and both maintain their principal place of business in Florida. The performance of Energywave's obligations under the contract would take place, at least in part, in Florida. Therefore, Florida bears a reasonable relation to the transaction and the district court technically should have applied Florida law expressly to determine the validity of the forum selection clause in the contract. Although the court was in error in not so doing, the result that the district court reached is the same that we reach today as discussed below.

### II

■ Florida law also recognizes that contracting parties can agree on what state's law is to apply to the agreement. *Maritime Limited Partnership v. Greenman Advertising Associates, Inc.*, 455 So.2d 1121 (Fla.App. 4th Dist.1984). The question then becomes how the Florida courts regard the enforceability of forum selec-

---

1. In non-commercial situations, the Restatement (Second) of Conflicts of Laws § 187 (1971) provides that contracting parties may choose the law to be applied to their agreement. However, certain restrictions may limit the choice. For instance, the chosen state must bear a substantial relationship to the parties or the transaction; and the Restatement advances a public policy exception similar to that of *M/S Bremen v. Zapata Off-shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

tion clauses.[2]  Fortunately this question has been definitively resolved by the Florida Supreme Court.

In *Manrique v. Fabbri*, 493 So.2d 437 (Fla.1986), the Florida high court squarely addressed this issue and resolved a conflict among the circuits of that state's intermediate appellate courts.  Previously one line of decisions had held that forum selection clauses were void as impermissible attempts to oust a court of jurisdiction.  *See, e.g., Zurich Insurance Co. v. Allen*, 436 So.2d 1094 (Fla.App. 3rd Dist.1983).  Another line of cases represented by *Maritime*, cited above, had held that parties to a contract may agree to submit to the jurisdiction of the chosen forum under certain conditions.

In *Maritime*, the Florida Court of Appeals relied upon and adopted the reasoning of the Supreme Court of the United States in *M/S Bremen v. Zapata Off-shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).  The *Maritime* court viewed *Bremen* as imposing three conditions which must exist in order for forum selection clauses to be enforceable:

1.  The forum was not chosen because of overwhelming bargaining power on the part of one party which would constitute overreaching at the other's expense.

2.  *Enforcement would not contravene a strong policy enunciated by statute or judicial fiat, either in the forum where the suit would be brought, or the forum from which the suit has been excluded.*

3.  The purpose was not to transfer an essentially local dispute to a remote and alien forum in order to seriously inconvenience one or both of the parties.

*Maritime*, 455 So.2d 1121, 1123 (emphasis added).

In *Manrique*, the Florida Supreme Court expressly adopted the view enunciated in *Bremen* and *Maritime, Manrique*, 493 So.2d 437, 440, and overruled the line of cases represented by *Zurich*, 436 So.2d

1094.  The *Maritime* conditions one and three are not here in dispute.  What is at issue, however, is whether I.C. § 29–110 expresses a strong public policy against the enforcement of foreign selection clauses which would run afoul of *Maritime's* condition two.  The statute provides as follows:

*Limitations on rights to sue.*—Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the original tribunals, or which limits the time within which he may thus enforce his rights, is void.

This statute has been interpreted to render unenforceable a clause in a promissory note which provided for venue in a county other than that designated by the relevant venue statute.  *McCarty v. Herrick*, 41 Idaho 529, 240 P. 192 (1925).  Similarly, we conclude that the forum selection clause in this case cannot stand in light of I.C. § 29–110.

This conclusion finds support in a recent Montana case, *State ex rel Polaris Industries v. District Court*, 695 P.2d 471 (Mont. 1985).  The Montana court, interpreting a statute virtually identical to I.C. § 29–110, held that the statute operated to void a forum selection clause in a contract which mandated an out-of-state forum.  (*See also, Rose v. Etling*, 255 Or. 395, 467 P.2d 633 (1970), wherein the court ruled that a specific statute providing for protection of the usual remedies granted to the buyer by statute under a retail installment sales contract operated to void a venue selection clause included in the retail installment sales contract of the seller.)

Although Judge Woodland did not specifically reference Florida law in his memorandum decision, he did apply *M/S Bremen v. Zapata Off-shore Company*, cited above, which provides the analysis adopted by the Florida Supreme Court in *Manrique v. Fabbri*, 493 So.2d 437 (Fla.1986).  Thus we reach the same result as the district court.

---

**2.**  For a comprehensive discussion of such clauses, *See, Gruson, Forum–Selection Clauses in International and Interstate Commercial Agreement*, 1982 U.Ill.L.Rev. 133 (1982).  *See also,* *Annotation, Validity of Contractual Provision Limiting Place or Court in Which Action May Be Brought*, 31 ALR 4th (1984).

**60**

In conclusion, although technically it may have been error to not specifically apply Florida law, nonetheless the same analysis was applied by Judge Woodland as would have been applied by the Florida courts. As discussed above, Florida law recognizes that one of the factors invalidating a forum selection clause in a contract is that the clause would violate a strong public policy either in the forum where the suit would be brought *or the forum from which the suit has been excluded. See Maritime Ltd. Partnership v. Greenman Advertising Associates*, 455 So.2d 1121, 1123. Since we determine that this forum selection clause violates the public policy expressed in I.C. § 29–110, we conclude that the Florida courts would refuse to enforce the clause. Thus, we affirm the district court.

Costs to plaintiffs; no attorney fees on appeal.

JOHNSON, J., and McQUADE and WALTERS, JJ. Pro Tem., concur.

SHEPARD, Chief Judge, specially concurring.

I concur in the majority opinion to the extent that it holds that the selection of Idaho as the forum is correct. In my view, the majority opinion clearly notes that the contract in question here provides for *venue* in Florida for any litigation arising out of the agreement. The majority correctly holds that nevertheless, venue in Idaho is proper.

However, as also set forth in the majority opinion, paragraph twenty of the contract provides: "This agreement shall be interpreted, construed and governed by the laws of the state of Florida." The majority opinion states that two issues are presented by this appeal, and both issues as stated, relate to the contract's "choice of law" provision. It is my view that the decision of the district court, and the various assertions of the parties before this Court, deal only with the choice of *forum*, and not the "choice of law." Hence, it is my view that when the cause is remanded to the district court as being the correct forum, nevertheless, the question of the application of ei-

ther Idaho or Florida law remains for resolution by the trial court. I believe the issue as to which law is to be applied, Idaho or Florida, is not necessarily academic in the instant case because of the variety of allegations by plaintiff, such as breach of various portions of the contract, failure of consideration, rescission of the contract based on mutual mistakes, and for fraudulent misrepresentation, breach of express implied warranties, and of particular significance, violations of the Idaho Consumer Protection Act, I.C. § 48–601 et seq.

For the above reasons I concur in the holding of the majority that the trial court's denial of the motion to dismiss was correct on the basis that venue in Idaho was correct. In my view, the question as to which state law would govern in the action is not before this Court, and remains for resolution by the trial court.