# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 47940

OFF-SPEC SOLUTIONS, LLC,

    Claimant-Cross Respondent,

and

DANIEL R. SALVADOR, and
CHRISTOPHER A. SALVADOR,

    Respondents-Cross Claimants-
    Respondents on Appeal,

v.

TRANSPORTATION INVESTORS, LLC,
THE CENTRAL VALLEY FUND II, L.P.,
and THE CENTRAL VALLEY FUND III,
L.P.,

    Cross Respondents-
    Appellants on Appeal.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, April 2021 Term

Opinion Filed: May 19, 2021

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Gene A. Petty, District Judge.

The decision of the district court is <u>affirmed</u>.

Andersen & Schwartzman, PLLC, Boise, and Weintraub Tobin Chediak Coleman Grodin Law Corporation, Sacramento, California, for appellants. Nicole C. Hancock argued.

Hawley Troxell Ennis & Hawley, LLP, Boise, for respondents. Dane A. Bollinger argued.

---

BRODY, Justice.

This appeal involves the enforceability of two forum selection clauses governed by California law. The questions presented are: (1) whether a forum selection clause is unenforceable under California law if enforcement would contravene a strong public policy of the forum where suit is brought (in this case, Idaho); and, if yes, then (2) whether the forum

selection clauses at issue must be invalidated based on the public policy set forth in Idaho Code section 29-110(1). We hold that California law requires an examination of the public policy of the forum in which suit is brought, and that the forum selection clauses at issue violate the strong public policy of the State of Idaho. We affirm the district court's ruling that claims arising from the parties' purchase agreement and LLC agreement must be arbitrated in Idaho.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Off-Spec Solutions LLC is a trucking company located in Nampa, Idaho, that was formed by two brothers—Christopher Salvador and Daniel Salvador. The Salvadors sold 51 percent of their ownership interest in Off-Spec Solutions to Transportation Investors LLC. To implement the transaction, the Salvadors and Transportation Investors entered into a purchase agreement and an LLC agreement. The purchase agreement identifies "The Central Valley Fund II" and "The Central Valley Fund III" as affiliates of Transportation Investors. Off-Spec Solutions also entered into separate employment agreements with the Salvadors.

The purchase agreement states that all disputes concerning the agreement shall be governed by California law. More specifically, section 13.14 of the purchase agreement states:

> This Agreement is subject to, and shall be construed in accordance with and governed by the laws of the State of California applicable to contracts executed and performed in such State without giving effect to conflicts of laws principles. The state and federal courts of California located in the County of Sacramento, State of California shall have exclusive jurisdiction over any action at law, suit in equity or judicial proceedings relating [sic] the enforcement of this Agreement or any disputes or claims arising out of or in connection with this Agreement, the interpretation, performance, breach, termination or invalidity thereof or of any provision contained herein.

Further, section 13.2(b) of the purchase agreement states: "The law applicable to the arbitration of any dispute shall be the law of the State of California, excluding its conflicts of law rules."

Similarly, section 19.19 of the LLC agreement states that California law shall apply to most legal proceedings:

> [T]o the extent that reference need be made to the law of any state to enforce the decision made in any legal proceeding brought pursuant hereto, the internal laws of the State of California (without reference to the rules regarding conflict or choice of laws of such State) shall be utilized for such purpose.

Additionally, section 19.20.2 of the LLC agreement states: "The law applicable to the arbitration of any dispute shall be the law of the State of California, excluding its conflicts of law rules." In contrast, the employment agreements both state that they have been "drawn to be effective in the

State of Idaho, and shall be construed in accordance with Idaho law."

The purchase agreement and the LLC agreement both state: "Any arbitration hearing shall be conducted in Sacramento County, California." Similarly, the employment agreements for Christopher and Daniel both state: "The exclusive jurisdiction and venue of any arbitration under this Agreement shall be the County of Sacramento, California."

After disputes arose between the parties, Off-Spec Solutions filed an application with the district court in Canyon County to compel the Salvadors to arbitrate claims relating to the employment agreements in Idaho—as opposed to California. The Salvadors subsequently filed a cross-application with the district court seeking to compel Off-Spec Solutions and Transportation Investors and its affiliates to arbitrate all claims between the parties in a consolidated arbitration in Idaho. While those applications were pending, Transportation Investors and its affiliates filed a petition in the California Superior Court for the County of Sacramento seeking to compel the Salvadors to arbitrate all claims arising from the purchase agreement and the LLC agreement in Sacramento County. They also filed a motion with the district court seeking to dismiss the Salvadors' cross-application to compel arbitration in Idaho or, in the alternative, to compel the Salvadors to arbitrate claims concerning the purchase agreement and the LLC agreement in California. Transportation Investors and its affiliates later filed a second motion with the district court seeking to stay the Idaho proceedings pending a ruling by the California court concerning their petition to compel arbitration in California. The Salvadors subsequently filed a similar motion with the California court seeking to stay the California proceedings pending a ruling by the district court in Idaho.

The Idaho district court conducted a hearing in January 2020 to consider Off-Spec Solutions' application, the Salvadors' cross-application, the motion to dismiss, and the motion to stay, but it did not immediately issue a ruling. About a month later, the California court stayed the proceedings in California pending a decision by the district court in Idaho. The district court issued its memorandum decision three weeks later and denied the motion to dismiss and the motion to stay filed by Transportation Investors and its affiliates. The district court held that: (1) claims concerning the employment agreements must be arbitrated in Idaho applying Idaho law; and (2) claims pertaining to the purchase agreement and the LLC agreement must be arbitrated in Idaho applying California law. Contending the district court erred when it ruled that claims involving the purchase agreement and the LLC agreement must be arbitrated in Idaho,

3

Transportation Investors and its affiliates timely appealed to this Court.

## II. STANDARD OF REVIEW

When a court is tasked with determining whether a choice-of-forum provision in an arbitration clause is enforceable, it involves a question of arbitrability. *T3 Enterprises, Inc. v. Safeguard Bus. Sys., Inc.*, 164 Idaho 738, 748, 435 P.3d 518, 528 (2019) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). This Court exercises free review over questions of arbitrability. *Id.* at 745, 435 P.3d at 525 (quoting *Wattenbarger v. A.G. Edwards & Sons, Inc.*, 150 Idaho 308, 317, 246 P.3d 961, 970 (2010)).

## III. ANALYSIS

It is undisputed that California law governs the purchase agreement and the LLC agreement. Thus, we need not address the choice-of-law provisions in the agreements. Rather, this Court is tasked with determining whether a forum selection clause is unenforceable under California law if enforcement would contravene a strong public policy of the forum where suit is brought. *See Cerami-Kote, Inc. v. Energywave Corp.*, 116 Idaho 56, 58–59, 773 P.2d 1143, 1145–46 (1989) ("The question then becomes how the . . . courts [in the choice-of-law state] regard the enforceability of forum selection clauses."). If we answer that question in the affirmative, we must then determine if enforcement of the forum selection clauses in the purchase agreement and the LLC agreement would contravene Idaho's public policy as set forth in Idaho Code section 29-110(1).

**A. The district court correctly held that a forum selection clause is unenforceable under California law if enforcement would contravene a strong public policy of the forum where suit is brought.**

The district court determined that, under California law, a forum selection clause is unenforceable if the clause would violate the strong public policy of the forum where suit is brought. In reaching its decision, the district court analyzed the seminal case from California concerning forum selection clauses, *Smith, Valentino & Smith, Inc. v. Superior Ct.*, 551 P.2d 1206 (Cal. 1976), and its progeny. The district court concluded that "California courts look to the public policy of the forum where the suit is brought to determine whether to enforce forum selection clauses in contracts." Transportation Investors and its affiliates contend the district court erred. They argue that, under California law, forum selection clauses are presumed valid unless enforcement would subvert a party's substantive rights or contravene a strong California public policy. In addition, they contend that California law will not invalidate a forum selection

4

clause merely because the clause contravenes a strong public policy of another state where suit is brought.

California law favors forum selection clauses when parties enter into them voluntarily. *Am. Online, Inc. v. Superior Ct.*, 108 Cal. Rptr. 2d 699, 707 (Cal Ct. App. 2001). Consequently, California courts will generally enforce a forum selection clause unless enforcement would be unreasonable or bring about a result contrary to the public policy of the "forum":

> Given the significance attached to forum selection clauses, the courts have placed a substantial burden on a plaintiff seeking to defeat such a clause, requiring it to demonstrate enforcement of the clause would be unreasonable under the circumstances of the case. That is, that the forum selected would be unavailable or unable to accomplish substantial justice. Moreover, in determining reasonability, the choice of forum requirement must have some rational basis in light of the facts underlying the transaction. However, neither inconvenience nor additional expense in litigating in the selected forum is part of the test of unreasonability. *Finally, a forum selection clause will not be enforced if to do so will bring about a result contrary to the public policy of the forum.*

*CQL Original Prod., Inc. v. Nat'l Hockey League Players' Assn.*, 46 Cal. Rptr. 2d 412, 415–16 (Cal. Ct. App. 1995) (internal citations and quotation marks omitted; emphasis added).

California courts addressing forum selection issues commonly utilize some version of the language emphasized in the last sentence of the block quote above. *See, e.g.*, *Cal-State Bus. Prod. & Servs., Inc. v. Ricoh*, 16 Cal. Rptr. 2d 417, 425 (Cal. Ct. App. 1993) ("[A] court will refuse to enforce a forum-selection clause if this will bring about a result contrary to the public policy of the forum."). There is little doubt that this language stems from *M/S Bremen v. Zapata Off-Shore Co. (Bremen)*, 407 U.S. 1 (1972), where the Supreme Court of the United States held that forum selection clauses are generally enforceable, but stated that "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Id*. at 15. Four years after *Bremen* was decided, the Supreme Court of California held that forum selection clauses are generally enforceable in California, citing *Bremen* for the proposition that the "modern trend [] favors enforceability of [] forum selection clauses." *Smith, Valentino & Smith, Inc.*, 551 P.2d at 1209. California's high court did not explicitly adopt the analytical framework utilized by the Supreme Court of the United States in *Bremen*, but it employed a similar analysis. *See Smith, Valentino & Smith, Inc.*, 551 P.2d at 1208–09. Fairly read, the Supreme Court of California relied on *Bremen* when it held that forum selection clauses are

generally enforceable. *Id.* at 1211 (Moss, J., dissenting) ("The majority rely on [*Bremen*]."). Moreover, California courts have since stated that a forum selection clause will not be enforced if the result would be contrary to the public policy of the forum. *See, e.g.*, *Cal-State Bus. Prod. & Servs.*, 16 Cal. Rptr. 2d at 425 (citing *Bremen*, 407 U.S. at 15). The California rule is analogous to the rule articulated by the Supreme Court of the United States in *Bremen*. *Compare Bremen*, 407 U.S. at 15 ("A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought . . . .") *with Cal-State Bus. Prod. & Servs.*, 16 Cal. Rptr. 2d at 425 ("[A] court will refuse to enforce a forum-selection clause if this will bring about a result contrary to the public policy of the forum.").

Transportation Investors and its affiliates concede that California courts will not enforce a forum selection clause if enforcement will bring about a result contrary to the strong public policy of the forum. They argue, however, that the phrase "strong public policy of the forum" means the strong public policy of California—not the public policy of another state. Transportation Investors and its affiliates cite several California cases in support of their argument. *See Hall v. Superior Ct.*, 197 Cal. Rptr. 757, 763 (Cal. Ct. App. 1983) (holding that a choice-of-forum clause violated a California statute and the public policy of California); *Wimsatt v. Beverly Hills Weight etc. Internat., Inc.*, 38 Cal. Rptr. 2d 612, 619 (Cal. Ct. App. 1995) (stating that "the logic of the antiwaiver provision of California's Franchise Investment Law requires that the burden be on the defendant to show that litigation in the contract forum will not diminish any of the plaintiffs' rights under California law."); *Am. Online, Inc.*, 108 Cal. Rptr. 2d at 708 ("California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy."); *Intershop Commc'ns v. Superior Ct.*, 127 Cal. Rptr. 2d 847, 853 (Cal. Ct. App. 2002) (stating that "a forum selection clause will not be enforced if to do so would bring about a result contrary to the public policy of this state.").

Transportation Investors and its affiliates argue that the cases cited above support the proposition that a California court will *only* examine California's public policy when determining whether to enforce a forum selection clause. We disagree. It is true that the cases cited by Transportation Investors and its affiliates focus on California's public policy, but that is because, in each instance, California was the forum where suit was brought. Thus, the California

6

courts examined whether enforcement of the forum selection clauses by a California court would contravene a strong public policy of California. When viewed in this light, California case law is entirely consistent with the rule articulated in *Bremen* that a forum selection clause should not be enforced "if enforcement would contravene a strong public policy of the forum in which suit is brought . . . ." 407 U.S. at 15.

To be clear, California case law does not provide a bright-line rule that is directly applicable to the case at bar. In other words, California law does not explicitly state that a choice-of-forum provision that designates California as the forum is unenforceable if: (1) suit is brought in another state; and (2) enforcement of the provision would violate the other state's strong public policy. That is a logical conclusion, however, because California law concerning forum selection clauses stems from *Bremen*. Therefore, we conclude that the district court did not err when it held that a forum selection clause is unenforceable under California law if enforcement would contravene a strong public policy of the forum where suit is brought.

### B. The district court correctly held that the forum selection clauses at issue are unenforceable because they contravene the strong public policy of Idaho.

The district court ruled that enforcement of the forum selection clauses at issue would contravene Idaho's strong public policy against forum selection clauses that mandate arbitration in another state. *See* I.C. § 29-110(1) (stating that a contract provision that restricts a party from enforcing its rights in an Idaho tribunal is void). Transportation Investors and its affiliates argue that Idaho Code section 29-110(1) does not provide sufficient public policy grounds for invalidating the forum selection clauses. We disagree.

Section 29-110 unambiguously provides that a contract provision that attempts to prevent a party from enforcing its rights in Idaho tribunals is void as it is against public policy:

> Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract in Idaho tribunals, or which limits the time within which he may thus enforce his rights, is *void* as it is against the public policy of Idaho. Nothing in this section shall affect contract provisions relating to arbitration so long as the contract does not require arbitration to be conducted outside the state of Idaho.

I.C. § 29-110(1) (emphasis added). This Court has previously held that this provision constitutes a "strong public policy" against forum selection clauses that mandate arbitration proceedings outside of Idaho. *T3 Enterprises, Inc. v. Safeguard Bus. Sys., Inc.*, 164 Idaho 738, 750, 435 P.3d 518, 530 (2019) (stating that enforcement of an out-of-state forum selection clause would

7

contravene the "strong public policy" set forth in Idaho Code section 29-110(1)); *Cerami-Kote, Inc. v. Energywave Corp.*, 116 Idaho 56, 59, 773 P.2d 1143, 1146 (1989) (stating that an out-of-state forum selection clause "cannot stand in light of I.C. § 29–110.").

Notwithstanding the fact that Idaho's policy has been clearly "declared by statute [and] by judicial decision," *Bremen*, 407 U.S. at 15, Transportation Investors and its affiliates argue that Idaho Code section 29-110(1) does not constitute a strong public policy that is sufficient to invalidate the forum selection clauses at issue because, under California law, the public policy in question must be "unyielding." Transportation Investors and its affiliates contend that Idaho Code section 29-110(1) is not unyielding because parties can contract around the statute: "To do so, the parties must simply choose the law of a jurisdiction that does not look to the policies of the excluded forum." This argument is unavailing. First, the parties cannot simply "choose" to apply the law of another state to avoid the strong public policy articulated in Idaho Code section 29-110(1). The parties would be constrained by Idaho's choice-of-law rules. *See Carroll v. MBNA Am. Bank*, 148 Idaho 261, 266, 220 P.3d 1080, 1085 (2009) (stating there must be a relationship between the chosen state law and the parties). Second, this Court has previously held that Idaho Code section 29-110(1) does constitute a strong public policy against forum selection clauses that mandate arbitration proceedings outside of Idaho. *T3 Enterprises, Inc.*, 164 Idaho at 750, 435 P.3d at 530. In other words, this Court has held that Idaho Code section 29-110(1) will not yield to an out-of-state forum selection clause. *See Cerami-Kote, Inc.*, 116 Idaho at 59, 773 P.2d at 1146. This conclusion is supported by the express language in the statute. *See* I.C. § 29-110(1) (stating such a clause "is void as it is against the public policy of Idaho . . . ."). Therefore, we hold that Idaho Code section 29-110(1) constitutes a strong public policy that is sufficient to invalidate the forum selection clauses in the purchase agreement and the LLC agreement.

In sum, the district court did not err when it held that the forum selection clauses in the purchase agreement and the LLC agreement are unenforceable under California law because the clauses would contravene the strong public policy of Idaho. Consequently, claims pertaining to the purchase agreement and the LLC agreement must be arbitrated in Idaho utilizing California law.

### C. The Salvadors are entitled to attorney fees and costs on appeal.

The Salvadors seek attorney fees on appeal based on the express terms of the purchase agreement and the LLC agreement. They also argue they are entitled to attorney fees on appeal

under a number of alternative theories.

This Court may award attorney fees on appeal in accordance with a contractual provision. *O'Connor v. Harger Const., Inc.*, 145 Idaho 904, 912, 188 P.3d 846, 854 (2008). California law is similar: "Where a contract . . . creates a right for the prevailing party to recover attorney fees, the prevailing party is also entitled to attorney fees on appeal." *Villinger/Nicholls Dev. Co. v. Meleyco*, 37 Cal. Rptr. 2d 36, 40 (Cal. Ct. App. 1995); *see also Sixells, LLC v. Cannery Bus. Park*, 88 Cal. Rptr. 3d 235, 240 (Cal. Ct. App. 2008) (stating that contract provisions that provide for the award of attorney fees and costs to the prevailing party include the recovery of attorney fees and costs on appeal). Here, the purchase agreement and the LLC agreement both state that, when litigation is necessary to enforce or interpret a contractual provision, the prevailing party is entitled to attorney fees and costs. More specifically, section 13.7 of the purchase agreement states:

> If any action at law, arbitration or in equity is necessary to enforce or interpret the terms of this Agreement or the Related Documents, the prevailing Party shall be entitled to reasonable attorney's fees, costs and necessary disbursements in addition to any other relief to which such Party may be entitled.

Similarly, section 19.11 of the LLC agreement states:

> If the services of an attorney are required by any party to secure the performance of this Agreement or otherwise upon the breach or default of another party to this Agreement, or if any judicial remedy or arbitration is necessary to enforce or interpret any provision of this Agreement or the rights and duties of any Person in relation thereto, the prevailing party shall be entitled to reasonable attorneys' fees, costs and other expenses, in addition to any other relief to which such party may be entitled.

Because Christopher Salvador and Daniel Salvador are the prevailing parties, they are entitled to attorney fees on appeal pursuant to section 13.7 of the purchase agreement and section 19.11 of the LLC agreement. In short, the Salvadors incurred attorney fees to obtain a judicial decision that was necessary to: (1) interpret the forum selection clauses in the agreements; and (2) enforce or interpret the rights and duties of the parties to the agreements. Moreover, the agreements expressly state that a prevailing party *shall* be entitled to reasonable attorney fees and costs.

Transportation Investors and its affiliates assert that the Salvadors are not seeking an interpretation of a contract provision. Rather, they contend the Salvadors are seeking to void the forum selection provisions. As such, Transportation Investors and its affiliates argue the

9

Salvadors are not entitled to attorney fees. Their argument is unavailing. All the parties to this litigation are seeking an interpretation of the forum selection clauses in the agreements under California law. Further, the Salvadors are seeking to enforce or interpret the rights and duties of the parties to the agreements, as contemplated under section 19.11 of the LLC agreement. Therefore, we award attorney fees on appeal to the Salvadors. Further, we award costs on appeal to the Salvadors pursuant to the terms of the agreements and Idaho Appellate Rule 40.

## IV. CONCLUSION

Based on the foregoing, we affirm the district court's ruling that claims arising from the purchase agreement and the LLC agreement must be arbitrated in Idaho utilizing California law. The Salvadors are awarded attorney fees and costs on appeal.

Chief Justice BEVAN, and Justices BURDICK, STEGNER, and MOELLER CONCUR.